**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

PACKMAN1, INC., a Florida corporation,
and BARKER PRODUCE, INC., a New
Mexico corporation,

          **Plaintiffs,**

    vs.

SEASONS BEST PRODUCE CORP., a
dissolved Florida corporation by and
through Jason A. Canals, Sr., its last known
officer; STAY FRESH DISTRIBUTORS,
INC., a Florida corporation; JASON A.
CANALS. an individual; COUNTY LINE
BREW SPOT, INC., a Florida corporation,

          **Defendants.**

Case No. 8:18-cv-816-7-23MAP

2018 APR -5 AM 11:42
CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

**COMPLAINT**

Plaintiffs, Packman1, Inc. and Barker Produce, Inc., commence this lawsuit seeking

to enforce their rights under the Perishable Agricultural Commodities Act of 1930

("PACA"), as amended, 7 U.S.C. §§499a-t, and for damages under federal common law

and state law against Defendants.

**PARTIES**

1.    Plaintiffs are:

    (a)    Packman1, Inc. ("Packman"), a Florida corporation located in Zolfo

        Springs, Florida, whose business consists of selling wholesale quantities

        of perishable agricultural commodities, or "produce," in interstate

        commerce; and



(b)    Barker Produce, Inc. ("Barker"), a New Mexico corporation located in Las Cruces, New Mexico, whose business consists of selling wholesale quantities of produce in interstate commerce.

2.    Defendants are:

(a)    Seasons Best Produce Corp., a dissolved Florida corporation which maintained a principal place of business located in Lutz, Florida ("Seasons Best"), and whose last known officer is Jason A. Canals, Sr.;

(b)    Stay Fresh Distributors, Inc., a Florida corporation with its principal place of business located in Brooksville, Florida ("Stay Fresh"), and whose known officer is Jason A. Canals;

(c)    Jason A. Canals, an individual who, upon information and belief, resides in this judicial district ("Canals").

(d)    County Line Brew Spot, Inc., a Florida corporation owned by Canals and which has its principal place of business located in Brooksville, Florida ("County Line").

## JURISDICTION

3.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, because Plaintiffs' claims arise under the Perishable Agricultural Commodities Act of 1930 ("PACA"), as amended, 7 U.S.C. §499e(b)(2) and 7 U.S.C. §499e(c)(5).

4.    Thus Court has supplemental jurisdiction over all other claims alleged in this Complaint under 28 U.S.C. §1367(a).

## VENUE

5.     A substantial part of the events and omissions underlying this lawsuit occurred in this District. Venue in this District is therefore proper under 28 U.S.C. §1391(b).

### ATTORNEYS' FEES AND COSTS

6.     Plaintiffs have retained Meuers Law Firm, P.L. in this action and are obligated to pay the firm reasonable fees for its services.

## COUNTS INVOLVING PACKMAN'S TRANSACTIONS WITH SEASON BEST

### COUNT I:  SEASONS BEST

### BREACH OF CONTRACT

7.     Packman re-alleges ¶¶1 through 6.

8.     Between the dates of August 2, 2017, and August 12, 2017, Packman and Seasons Best entered into contracts for Packman to sell to Seasons Best in interstate commerce, and Seasons Best to purchase, watermelons totaling $48,817.00 (the "Watermelons").

9.     Seasons Best accepted the Watermelons from Packman without objection.

10.     Packman issued and forwarded invoices to Seasons Best memorializing the agreed upon quantity of Watermelons and amounts owed by Seasons Best.

11.     Packman's invoices to Seasons Best included additional terms and conditions for payment of attorneys' fees, costs, and pre-judgment interest accruing at the rate of 18% per annum.

12.     Packman fully performed all conditions precedent to the agreed contracts.

13.     Seasons Best has never denied receiving the invoices and Watermelons, nor has it objected to the amounts stated on the invoices.

14.     Seasons Best breached the contracts by failing to pay the full invoiced amounts for the Watermelons within payment terms, and there remains a balance of $48,817.00 owed to Plaintiff by Seasons Best, all of which is undisputed, unpaid, and past due.

15.     Packman has incurred damages resulting from Seasons Best's breach of contract in the amount of $48,817.00, plus interest from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, Packman seeks entry of a judgment in its favor and against Seasons Best in the amount of $48,817.00, plus interest from the date each invoice became past due, costs, and attorneys' fees.

## COUNT II:  ALL DEFENDANTS

## DECLARATORY RELIEF VALIDATING PACA TRUST CLAIM OF PACKMAN
### *7 U.S.C. §499e(c)(4)*

16.     Packman re-alleges ¶¶1 through 15.

17.     As detailed in ¶8, Packman entered into contracts with Seasons Best for the purchases and sales of Watermelons in interstate commerce.

18.     During the transactions at issue, Packman held valid PACA license number 20160262 issued by the United States Department of Agriculture ("USDA").

19.     During the transactions at issue, Seasons Best was a produce dealer subject to PACA. See, 7 C.F.R. § 46.2(x).

20.     The Watermelons Packman sold to Seasons Best satisfy the definition of "perishable agricultural commodities" under the PACA statute. See, 7 U.S.C. §499a(b)(2).

21.     Each Watermelon shipment Packman sold Seasons Best exceeded 2,000 lbs.

22.     The Watermelons sold by Packman to Seasons Best were grown or produced from sources in Georgia.

23.     As a holder of a valid PACA license, Packman preserved its rights as a PACA trust beneficiary of Seasons Best by including the required statutory statement on the face of its invoices, and timely sending them to Seasons Best, as contemplated under 7 U.S.C. §499e(c)(4).

24.     Seasons Best failed to pay for the Watermelons sold to it by Packman.

25.     Packman is an unpaid produce supplier and seller and is entitled to PACA trust protection and payment from Seasons Best's assets subject to the PACA trust, 7 U.S.C. §499e(c).

For these reasons, Packman seeks entry of an Order declaring that it holds a valid PACA trust claim in the amount of $48,817.00 against Seasons Best, and that its valid PACA trust claim includes interest from the date each invoice became past due, attorneys' fees, and costs.

## COUNT III:  SEASONS BEST

### ENFORCEMENT OF PAYMENT FROM PACA TRUST ASSETS
#### *7 U.S.C. §499e(c)*

26.     Packman re-alleges ¶¶1 through 25.

27.     Packman preserved its trust rights against Seasons Best under PACA in accordance with 7 U.S.C. §499e(c)(4).

28.     The *res* of the Seasons Best's PACA trust includes Seasons Best's inventories of produce, food or products derived from produce ("products"), accounts receivable, proceeds of the sale of produce or products ("proceeds"), and assets commingled with, purchased with

or otherwise acquired with proceeds. Seasons Best's assets subject to the PACA trust are referred to below as "Seasons Best's PACA Trust Assets."

29.    Seasons Best is in possession, custody, and control of Seasons Best's PACA Trust Assets that must be held for Packman's benefit.

30.    Seasons Best failed to use Seasons Best's PACA Trust Assets to pay Packman for the sale of Watermelons described in ¶8.

31.    Packman has suffered damages in the amount of $48,817.00, plus interest from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, Packman seeks an Order directing Seasons Best to immediately pay to Packman, as a PACA trust beneficiary, Seasons Best's PACA Trust Assets equal to the sum of $48,817.00, plus interest from the date each invoice became past due, costs, and attorneys' fees.

**COUNT IV:  SEASONS BEST**

**FAILURE TO MAINTAIN PACA TRUST ASSETS AND
CREATION OF COMMON FUND**
*7 U.S.C. §499b(4)*

32.    Packman re-alleges ¶¶1 through 31.

33.    Seasons Best received the shipments of Watermelons described in ¶8.

34.    Packman preserved its trust rights under PACA in accordance with 7 U.S.C. §499e(c)(4).

35.    PACA requires Seasons Best, as a PACA trustee, to hold the Seasons Best's PACA Trust Assets in trust for Packman's benefit and all other unpaid suppliers and sellers of produce with valid PACA trust claims (if any exist), until all have been paid in full.

36. Seasons Best failed to maintain sufficient Seasons Best's PACA Trust Assets to fully satisfy all valid PACA trust claims, including Packman's claim asserted in this lawsuit.

37. Packman has suffered damages resulting from Seasons Best's failure to maintain and protect Seasons Best's PACA Trust Assets from dissipation in the amount of $48,817.00, plus interest from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, Packman seeks creation of a common fund from which all PACA trust beneficiaries may be paid by entering an Order:

    (i)    directing Seasons Best to maintain Seasons Best's PACA Trust Assets in the amount of $48,817.00, plus the claims of all other unpaid suppliers and sellers of produce that properly preserved their PACA Trust claims;

    (ii)    directing Seasons Best to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims; and

    (iii)    enjoining Seasons Best from dissipating Seasons Best's PACA Trust Assets.

## COUNT V: SEASONS BEST

### FAILURE TO PAY PROMPTLY
#### *7 U.S.C. §499b(4)*

38. Packman re-alleges ¶¶1 through 37.

39. Seasons Best purchased and received the shipments of Watermelons described in ¶8.

40. PACA requires Seasons Best to tender full payment promptly to its unpaid suppliers and sellers of produce.

41. Seasons Best failed to pay for the Watermelons supplied by Packman within

the payment terms.

42.     Packman has incurred damages resulting from Seasons Best's failure to pay promptly in the amount of $48,817.00, plus interest from the date each invoice became past due, costs, and attorneys' fees, if applicable.

For these reasons, Packman seeks an Order directing Seasons Best to immediately pay them the sum of $48,817.00, plus interest from the date each invoice became past due, costs, and attorneys' fees, if applicable.

## COUNTS INVOLVING BARKER'S TRANSACTIONS WITH SEASON BEST

## COUNT VI:  STAY FRESH

## BREACH OF CONTRACT

43.     Barker re-alleges ¶¶1 through 6.

44.     Between the dates of August 23, 2016, and August 31, 2016, Barker and Stay Fresh entered into contracts for Barker to sell to Stay Fresh in interstate commerce, and Stay Fresh to purchase, eight (8) truckloads of onions in the total amount of $44,359.50 (the "Onions").

45.     Stay Fresh accepted the Onions from Barker without objection.

46.     Barker issued and forwarded invoices to Stay Fresh memorializing the agreed upon quantity of Onions and amounts owed by Stay Fresh.

47.     Barker fully performed all conditions precedent to the agreed contracts.

48.     Stay Fresh has never denied receiving the invoices and Onions, nor has it objected to the amounts stated on the invoices.

49.     Between the dates of October 25, 2016, and November 22, 2016, Barker received payments from Stay Fresh in the aggregate total amount of $19,130.80, which Barker applied to the specified invoices.

50.     Stay Fresh breached the contracts by failing to pay the full invoiced amounts for the Onions within payment terms.

51.     After application of the payments to the specified invoices, there remains a balance of $25,228.70 owed to Barker by Stay Fresh, all of which is undisputed, unpaid, and past due.

52.     Barker has incurred damages resulting from Stay Fresh's breach of contract in the amount of $25,228.70, plus interest from the date each invoice became past due.

For these reasons, Barker seeks entry of a judgment in its favor and against Stay Fresh in the amount of $25,228.70, plus interest from the date each invoice became past due.

### COUNT VII:  ALL DEFENDANTS

### DECLARATORY RELIEF VALIDATING PACA TRUST CLAIM OF BARKER
### 7   U.S.C. §499e(c)(4)

53.     Barker re-alleges ¶¶1 through 6, and 43 through 52.

54.     As detailed in ¶44, Barker entered into contracts with Stay Fresh for the purchases and sales of Onions in interstate commerce.

55.     During the transactions at issue, Barker held valid PACA license number 19921210 issued by the USDA.

56.     During the transactions at issue, Stay Fresh was a commission merchant, dealer, or broker subject to PACA and held valid PACA license number 20150991 issued by the USDA.

57.    Upon acceptance of the Onions, Stay Fresh became a trustee of the PACA trust in the amount of $44,359.50 for Barker's benefit.  7 U.S.C. §499e(c).

58.    As a holder of a valid PACA license, Barker preserved its rights as a PACA trust beneficiary of Stay Fresh by including the required statutory statement on the face of its invoices, and timely sending them to Stay Fresh, as contemplated under 7 U.S.C. §499e(c)(4).

59.    Stay Fresh failed to pay the full invoiced amount for the Onions and there remains a balance of $25,228.70 owed to Barker by Stay Fresh, all of which is undisputed, unpaid, and past due.

60.    Barker is an unpaid produce supplier and seller and is entitled to PACA trust protection and payment from Stay Fresh's assets subject to the PACA trust, 7 U.S.C. §499e(c).

For these reasons, Barker seeks entry of an Order declaring that it holds a valid PACA trust claim in the amount of $25,228.70 against Stay Fresh, and that its valid PACA trust claim includes interest from the date each invoice became past due.

## COUNT VIII:  STAY FRESH

### ENFORCEMENT OF PAYMENT FROM PACA TRUST ASSETS
*7 U.S.C. §499e(c)*

61.    Barker re-alleges ¶¶1 through 6, and 43 through 61.

62.    Barker preserved its trust rights against Stay Fresh under PACA in accordance with 7 U.S.C. §499e(c)(4).

63.    The *res* of the PACA trust includes Stay Fresh's inventories of produce, food or products derived from produce ("products"), accounts receivable, proceeds of the sale of produce or products ("proceeds"), and assets commingled with, purchased with or otherwise acquired with proceeds.  Stay Fresh's assets subject to the PACA trust are referred to below as

"Stay Fresh's PACA Trust Assets."

64.     Stay Fresh is in possession, custody, and control of Stay Fresh's PACA Trust Assets that must be held for Barker's benefit.

65.     Stay Fresh failed to use Stay Fresh's PACA Trust Assets to pay Barker for the sale of Onions described in ¶44.

66.     Barker has suffered damages in the amount of $25,228.70, plus interest from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, Barker seeks an Order directing Stay Fresh to immediately pay to Barker, as a PACA trust beneficiary, Stay Fresh's PACA Trust Assets equal to the sum of $25,228.70, plus interest from the date each invoice became past due.

## COUNT IX:  STAY FRESH

### FAILURE TO MAINTAIN PACA TRUST ASSETS AND CREATION OF COMMON FUND
#### *7 U.S.C. §499b(4)*

67.     Barker re-alleges ¶¶1 through 6, and 43 through 66.

68.     Stay Fresh received the shipments of Onions described in ¶44.

69.     Barker preserved its trust rights under PACA in accordance with 7 U.S.C. §499e(c)(4).

70.     PACA requires Stay Fresh, as a PACA trustee, to hold Stay Fresh's PACA Trust Assets in trust for Barker's benefit and all other unpaid suppliers and sellers of produce with valid PACA trust claims (if any exist), until all have been paid in full.

71.     Stay Fresh failed to maintain sufficient Stay Fresh's PACA Trust Assets to fully satisfy all valid PACA trust claims, including Barker's claim asserted in this lawsuit.

72.     Barker has suffered damages resulting from Stay Fresh's failure to maintain and protect tStay Fresh's PACA Trust Assets from dissipation in the amount of $25,228.70, plus interest from the date each invoice became past due.

For these reasons, Barker seeks creation of a common fund from which all PACA trust beneficiaries may be paid by entering an Order:

> (i)     directing Stay Fresh to maintain Stay Fresh's PACA Trust Assets in the amount of $25,228.70, plus the claims of all other unpaid suppliers and sellers of produce that properly preserved their PACA Trust claims;

> (ii)    directing Stay Fresh to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims; and

> (iii)   enjoining Stay Fresh from dissipating Stay Fresh's PACA Trust Assets.

## COUNT X:  STAY FRESH

### FAILURE TO PAY PROMPTLY
#### 7   U.S.C. §499b(4)

73.     Barker re-alleges ¶¶1 through 6, and 43 through 72.

74.     Stay Fresh purchased and received the shipments of Onions described in ¶44.

75.     PACA requires Stay Fresh to tender full payment promptly to its unpaid suppliers and sellers of produce.

76.     Stay Fresh failed to pay for the Onions supplied by Barker within the payment terms.

77.     Barker has incurred damages resulting from Stay Fresh's failure to pay promptly in the amount of $25,228.70, plus interest from the date each invoice became past due.

For these reasons, Barker seeks an Order directing Stay Fresh to immediately pay them the sum of $25,228.70, plus interest from the date each invoice became past due.

### COUNT XI: STAY FRESH

### ENFORCEMENT OF REPARATION ORDER

77.     Plaintiff re-alleges paragraphs ¶¶1 through 6.

78.     On May 11, 2017, the U.S. Secretary of Agriculture entered a Reparation Order in favor of Barker and against Stay Fresh in the amount of $25,228.70, plus interest at the rate of 1.10% per annum from October 1, 2016 until paid, plus the $500.00 filing fee, for Stay Fresh's failure to pay for the Onions supplied by Barker.

79.     Stay Fresh's failure to pay the Reparation Order is a violation of PACA, 7 U.S.C. §499b(4).

80.     The Reparation Order may be enforced by Barker in this Court; the findings of the Secretary are prima-facie evidence of the facts stated herein, pursuant to 7 U.S.C. §499g(b).

81.     Further, 7 U.S.C. §499g(b) permits Barker to recover attorneys' fees if it prevails in this lawsuit to enforce the Reparation Order.

For these reasons, Barker seeks entry of judgment against Stay Fresh in the amount of $25,228.70, plus interest at the rate of 1.10% per annum from October 1, 2016 until paid, plus the $500.00 filing fee and costs, including, without limitation, reasonable attorneys' fees.

### COMMON COUNTS

### COUNT XII: CANALS

### BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

82.     Plaintiffs re-allege ¶¶1 through 6, 16 through 37, and 53-72.

83.     Packman and Barker preserved their trust rights under PACA against Seasons Best and Stay Fresh, respectively, in accordance with 7 U.S.C. §499e(c)(4).

84.     During the transactions at issue, Canals was an officer, director, shareholder, principal, or employee of Seasons Best and Stay Fresh.

85.     Canals had full knowledge and responsibility for operations and financial dealings of Seasons Best and Stay Fresh, and had a duty to ensure that both fulfill their duties as trustees of the PACA trust.

86.     Canals had fiduciary duties to ensure that Seasons Best and Stay Fresh maintain sufficient assets subject to the PACA trust to pay all their respective PACA trust beneficiaries as their claims became due.

87.     Seasons Best breached its fiduciary duties as PACA trustee to maintain sufficient Seasons Best's PACA Trust Assets on behalf of its beneficiaries.

88.     Stay Fresh breached its fiduciary duties as PACA trustee to maintain sufficient Stay Fresh's PACA Trust Assets on behalf of its beneficiaries.

89.     Canals breached his fiduciary duties by failing to ensure that both Seasons Best and Stay Fresh fulfill their duties as PACA trustee.

90.     Packman has suffered damages resulting from Canals' breach of his fiduciary duties to the beneficiaries of Seasons Best in the amount of $48,817.00, plus interest from the date each invoice became past due, costs, and attorneys' fees.

91.     Barker has suffered damages resulting from Canals' breach of his fiduciary duties to the beneficiaries of Stay Fresh in the amount of $25,228.70, plus interest from the date each invoice became past due.

For these reasons, Plaintiffs seek entry of a judgment in their favor and against Canals in the amount of $74,045.70, plus interest from the date each invoice became past due, and attorneys' fees and costs where applicable, less any monies they receive from the PACA Trust Assets of Seasons Best and Stay Fresh.

**COUNT XIII: CANALS**

**<u>DECLARATORY RELIEF</u>**

92.    Plaintiffs re-allege ¶¶1 through 6, 16 through 37, and 53 through 72.

93.    Packman and Barker preserved their trust rights under PACA against Seasons Best and Stay Fresh, respectively, in accordance with 7 U.S.C. §499e(c)(4).

94.    Seasons Best's sole officer is Canals.

95.    Stay Fresh's sole officer is Canals.

96.    Upon information and belief, Seasons Best and Stay Fresh transferred assets to Canals.

97.    The assets received by Canals from Seasons Best and Stay Fresh are presumptively assets subject to the PACA trust, , and rightfully belong to Packman, Barker, and similarly situated PACA trust creditors of Seasons Best and Stay Fresh.

For these reasons, Plaintiffs seek an Order declaring all assets of Seasons Best and Stay Fresh transferred to Canals are impressed with the PACA trust.

**COUNT XIV: CANALS**

**<u>UNLAWFUL RETENTION OF PACA TRUST ASSETS</u>**

98.    Plaintiffs re-allege ¶¶1 through 6, 16 through 37, 53 through 72, and 92 through 97.

99. Packman and Barker preserved their trust rights under PACA against Seasons Best and Stay Fresh, respectively, in accordance with 7 U.S.C. §499e(c)(4).

100. Upon information and belief, Seasons Best and Stay Fresh transferred assets subject to the PACA trust to Canals.

101. Any transfers of assets subject to the PACA trust by Seasons Best or Stay Fresh to Canals are breaches of the PACA trust, as such assets rightfully belong to Packman, Barker, and similarly situated PACA trust beneficiaries of Seasons Best and Stay Fresh.

102. Canals has received assets subject to the PACA trust subject to Plaintiffs' PACA trust claims for no value, and with actual or constructive knowledge of Plaintiffs' PACA trust rights.

103. Canals' unlawful retention of assets subject to the PACA trust resulted in damages to Plaintiffs in an amount totaling all of the assets Canals received that were impressed with the PACA trust, less any PACA Trust Assets Plaintiffs recover directly from Seasons Best or Stay Fresh.

For these reasons, Plaintiffs seek an Order:

> (a) Directing Canals to hold all assets subject to the PACA trust in his possession or control in constructive trust for the benefit of Plaintiffs to the extent of $74,045.70, plus interest, and attorneys' fees and costs where applicable, less any recovery of PACA Trust Assets from Seasons Best or Stay Fresh;

> (b) Directing Canals to pay an amount totaling all of the assets he received that were impressed with the PACA trust to Plaintiffs to the extent of $74,045.70, plus interest, and attorneys' fees and costs where applicable, less any recovery of PACA Trust Assets from Seasons Best or Stay Fresh; and

> (c) Entering Judgment in favor of Plaintiffs and against Canals in an amount totaling all of the assets it received that were impressed with the PACA trust to the extent of $74,045.70, plus interest, and attorneys'

fees and costs where applicable, less any recovery of PACA Trust Assets from Seasons Best or Stay Fresh.

## COUNT XV:  COUNTY LINE

### DECLARATORY RELIEF

104.   Plaintiffs re-allege ¶¶1 through 6, 16 through 37, and 53 through 72.

105.   Packman and Barker preserved their trust rights under PACA against Seasons Best and Stay Fresh, respectively, in accordance with 7 U.S.C. §499e(c)(4).

106.   Seasons Best's sole officer is Canals.

107.   Stay Fresh's sole officer is Canals

108.   Canals owns County Line, which he incorporated with the Florida Secretary of State in January, 2018.

109.   Upon information and belief, Seasons Best transferred assets to County Line.

110.   Upon information and belief, Stay Fresh transferred assets to County Line.

111.   The assets received by County Line from Seasons Best and Stay Fresh are presumptively PACA Trust Assets, and rightfully belong to Packman, Barker, and similarly situated PACA trust creditors of Seasons Best.

For these reasons, Plaintiffs seek an Order declaring all assets of Seasons Best and Stay Fresh transferred to County Line are impressed with the PACA trust.

## COUNT XVI:  COUNTY LINE

### UNLAWFUL RETENTION OF PACA TRUST ASSETS

112.   Plaintiffs re-allege ¶¶1 through 6, 16 through 37, 53 through 72, and 104 through 111.

113.   Packman and Barker preserved their trust rights under PACA against Seasons

Best and Stay Fresh, respectively, in accordance with 7 U.S.C. §499e(c)(4).

114.    Upon information and belief, Seasons Best transferred Seasons Best's PACA Trust Assets to County Line.

115.    Upon information and belief, Stay Fresh transferred Stay Fresh's PACA Trust Assets to County Line.

116.    Any transfers of assets subject to the PACA trust by Seasons Best or Stay Fresh to County Line are breaches of the PACA trust, as such assets rightfully belong to Packman, Barker, and similarly situated PACA trust beneficiaries of Seasons Best and Stay Fresh.

117.    County Line has received assets subject to the PACA trust subject to Plaintiffs' PACA trust claims for no value, and with actual or constructive knowledge of Plaintiffs' PACA trust rights.

118.    County Line's unlawful retention of assets subject to the PACA trust has resulted in damages to Plaintiffs in an amount totaling all of the assets County Line received that were impressed with the PACA trust, less any PACA Trust Assets Plaintiffs recover directly from Seasons Best or Stay Fresh.

For these reasons, Plaintiffs seek an Order:

(a)    Directing County Line to hold all assets subject to the PACA trust in its possession or control in constructive trust for the benefit of Plaintiffs to the extent of $74,045.70, plus interest, and attorneys' fees and costs where applicable, less any recovery of PACA Trust Assets from Seasons Best or Stay Fresh;

(b)    Directing County Line to pay an amount totaling all of the assets it received that were impressed with the PACA trust to Plaintiffs to the extent of $74,045.70, plus interest, and attorneys' fees and costs where applicable, less any recovery of PACA Trust Assets from Seasons Best or Stay Fresh; and

(c)    Entering Judgment in favor of Plaintiffs and against County Line in an amount totaling all of the assets it received that were impressed with the PACA trust to the extent of $74,045.70, plus interest, and attorneys' fees and costs where applicable, less any recovery of PACA Trust Assets from Seasons Best or Stay Fresh.

**FOR THESE REASONS,** Plantiffs request:

(A)    On Count I, entry of Final Judgment in Packman's favor and against Seasons Best, in the amount of $48,817.00, plus interest from the date each invoice became past due, costs, and attorneys' fees, if applicable

(B)    On Count II, an Order declaring that Packman hold valid PACA trust claims in the amount of $48,817.00 against Seasons Best, and that Packman's valid PACA trust claims include interest from the date each invoice became past due, costs, and attorneys' fees, if applicable;

(C)    On Count III, an Order directing Seasons Best to immediately pay to Packman PACA Trust Assets equal to the sum of $48,817.00, plus interest from the date each invoice became past due, costs, and attorneys' fees, if applicable;

(D)    On Count IV, creation of a common fund from which all PACA trust beneficiaries of Seasons Best may be paid by entering an Order directing Seasons Best to maintain Seasons Best's PACA Trust Assets in the amount of $48,817.00, plus the claims of all other unpaid suppliers and sellers of produce to Seasons Best that properly preserved their PACA trust claims, directing Seasons Best to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims, and enjoining Seasons Best from dissipating PACA Trust Assets;

(E)     On Count V, an Order directing Seasons Best to immediately pay Packman the sum of $48,817.00, plus interest from the date each invoice became past due, costs, and attorneys' fees, if applicable;

(F)     On Count VI, entry of a judgment in Barker's favor and against Stay Fresh in the amount of $25,228.70, plus interest from the date each invoice became past due;

(G)     On Count VII, an Order declaring that Barker holds a valid PACA trust claim in the amount of $25,228.70 against Stay Fresh, and that its valid PACA trust claim includes interest from the date each invoice became past due;

(H)     On Count VIII, an Order directing Stay Fresh to immediately pay to Barker, as a PACA trust beneficiary, Stay Fresh's PACA Trust Assets equal to the sum of $25,228.70, plus interest from the date each invoice became past due;

(I)     On Count IX, creation of a common fund from which all PACA trust beneficiaries of Stay Fresh may be paid by entering an Order directing Stay Fresh to maintain Stay Fresh's PACA Trust Assets in the amount of $25,228.70, plus the claims of all other unpaid suppliers and sellers of produce to Stay Fresh that properly preserved their PACA trust claims, directing Stay Fresh to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims, and enjoining Stay Fresh from dissipating PACA Trust Assets;

(J)     On Count X, an Order directing Stay Fresh to immediately pay Barker the sum of $25,228.70, plus interest from the date each invoice became past due;

(K)     On Count XI, entry of Final Judgment in Barker's favor and against Stay Fresh in the amount of $25,228.70, plus interest at the rate of 1.10% per annum from October 1, 2016

until paid, plus the $500.00 filing fee and costs, including, without limitation, reasonable attorneys' fees;

(L)    On Count XII, entry of a Final Judgment against Canals in the amount of $74,045.70, plus interest, and attorneys' fees and costs where applicable, less any monies Plaintiffs receive from the PACA Trust Assets of Seasons Best or Stay Fresh;

(M)    On Count XIII, an Order declaring all assets of Seasons Best and Stay Fresh transferred to Canals are impressed with the PACA trust;

(N)    On Count XIV, an Order directing Canals to hold all assets subject to the PACA trust in his possession or control in constructive trust for the benefit of Plaintiffs, directing Canals to pay Plaintiffs an amount totaling all of the assets he received that were impressed with the PACA trust, and entering Judgment in favor of Plaintiffs and against Canals in an amount totaling all of the assets he received that were impressed with the PACA trust to the extent of $74,045.70, plus interest, and attorneys' fees and costs where applicable, less any monies Plaintiffs receive from the PACA Trust Assets of Seasons Best or Stay Fresh;

(O)    On Count XV, an Order declaring all assets of Seasons Best and Stay Fresh transferred to County Lines are impressed with the PACA trust;

(P)    On Count XVI, an Order directing County Line to hold all assets subject to the PACA trust in its possession or control in constructive trust for the benefit of Plaintiffs, directing County Line to pay Plaintiffs an amount totaling all of the assets it received that were impressed with the PACA trust, and entering Judgment in favor of Plaintiffs and against County Line in an amount totaling all of the assets it received that were impressed with the PACA trust to the extent of $74,045.70, plus interest, and attorneys' fees and costs where

applicable, less any monies Plaintiffs receive from the PACA Trust Assets of Seasons Best or Stay Fresh; and

(Q)    Providing any and all such other relief as deemed appropriate by the Court upon consideration of this matter.

Respectfully submitted this April 4, 2018

**MEUERS LAW FIRM, P.L.**

By:  Steven M. De Falco

Steven M. De Falco
Fla. Bar No. 0733571
Steven E. Nurenberg
Fla. Bar No. 0808431
5395 Park Central Court
Naples, FL   34109
Telephone: (239) 513-9191
Facsimile:  (239) 513-9677
sdefalco@meuerslawfirm.com
snurenberg@meuerslawfirm.com

*Trial Counsel for Plaintiffs*