UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PACKMAN1, INC., et al.,

    Plaintiffs,

v.                                                             CASE NO. 8:18-cv-816-T-23MAP

SEASONS BEST PRODUCE CORP., et al.,

    Defendants.
_____/

**<u>ORDER</u>**

        Packman and Barker Produce sue (Doc. 1) the defendants under the Perishable Agricultural Commodities Act (PACA) for failing to pay for watermelons and onions. A clerk's default (Docs. 15–18) was entered against each defendant, and Packman and Barker move (Doc. 22) for default judgment. Packman and Barker allege the following facts, which are deemed admitted because of the defaults.

        In August 2016, Barker, a produce wholesaler, contracted to sell eight truckloads of onions to Stay Fresh, a produce dealer, for $44,359.50. Stay Fresh accepted without objection the onions and accompanying invoices. Stay Fresh paid Barker $19,130.80 but failed to pay the remaining $25,228.70 owed. Similarly, in August 2017, Packman, a produce wholesaler, contracted to sell watermelons to Seasons Best, a produce dealer, for $48,817. Seasons Best accepted without objection

the watermelons and accompanying invoices but failed to pay any of the $48,817 owed.

Also, Packman and Barker allege that Jason Canals, the sole officer and owner of Seasons Best and Stay Fresh, knowingly failed to maintain sufficient assets to pay Packman and Barker. In January 2018, Canals incorporated County Line Brew Spot under Florida law. Packman and Barker allege upon information and belief that Seasons Best and Stay Fresh transferred unspecified assets to County Line.

Packman requests (Doc. 22) judgment against Stay Fresh, Canals, and County Line — jointly and severally — for the unpaid watermelon invoices, for an attorney's fee, for taxable costs, and for a contractual rate of pre-judgment interest. Barker requests (Doc. 22) judgment against Stay Fresh, Canals, and County Line — jointly and severally — for the unpaid onion invoices, for taxable costs, and for an award of pre-judgment interest.

**Liability of Seasons Best and Stay Fresh**

Packman and Barker claim that Seasons Best and Stay Fresh, respectively, are liable under PACA for failing to pay fully for the delivered produce. PACA requires a buyer of "perishable agricultural commodities" to hold the delivered produce and the proceeds from the sale of the produce in a floating, non-segregated trust. *West Coast Distrib., Inc. v. Universal Fresh Produce, LLC*, No. 17-24467-civ, 2018 WL 2021351, at *3 (S.D. Fla. Mar. 27, 2018) (Altonaga, J.) (citing 7 U.S.C. § 499e(c)(2)). The PACA trust includes the received produce, proceeds from the sale of the

produce, and assets purchased with PACA trust assets. *West Coast*, 2018 2021351, at *4 (citing *In re Kornblum & Co., Inc.*, 81 F.3d 280, 286 (2d Cir. 1996)). To preserve the seller's status as a PACA trust beneficiary, the seller must provide written notice of an intent to preserve rights to the PACA trust. 7 U.S.C. § 499e(c)(4).

Packman and Barker sold produce to Seasons Best and Stay Fresh and provided in each invoice a written notice that preserves Packman's and Barker's status as a PACA trust beneficiary.[1] Seasons Best became a trustee of a PACA trust for the benefit of Packman and Stay Fresh became a trustee of a PACA trust for the benefit of Barker. 7 U.S.C. §§ 499e(c)(2), (c)(4). Seasons Best failed to pay Packman for the watermelons and Stay Fresh failed to fully pay Barker for the onions. Packman and Barker are entitled to recover from Seasons Best and Stay Fresh, respectively, for the unpaid produce. *Crescent Fruit & Vegetables, LLC v. Advance Produce, Inc.*, No. 8:15-cv-366, 2015 WL 13566922, at *2 (M.D. Fla. Sept. 1, 2015) (Honeywell, J.); 7 U.S.C. § 499b(4) ("It shall be unlawful . . . [f]or any . . . dealer . . . to fail . . . to account and make full payment promptly in respect of any transaction in any such commodity . . . or fail to maintain the trust as required . . . ."); 7 U.S.C. § 499e(a) ("If any . . . dealer . . . violates any provision of section 499b . . . he shall be

---

[1] Each of Packman's and Barker's invoices states that "[t]he perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. § 499e(c)). The seller of these commodities retains a trust claim over these commodities . . . and any receivable or proceeds from the sale." (Doc. 22-1 at 6–16; Doc. 22-2 at 6–18)

liable to the person or persons injured thereby for the full amount of damages . . . sustained in consequence of such violation.'"))

Packman's attached invoices (Doc. 22-1 at 6–16) show that Packman is entitled to $48,817.00 from Seasons Best, and Barker's attached invoices (Doc. 22-2 at 6–18) show that Barker is entitled to $24,028.70 from Stay Fresh.

**Attorney's Fee, Interest, and Costs**

PACA provides that a dealer receiving produce must hold both the produce and the proceeds from the produce in trust "until full payment of the sums owing in connection with such transaction has been received." 7 U.S.C. § 499e(c)(2). Claims for a contractual attorney's fee and for pre-judgment interest are "sums owing in connection with such transaction" and are recoverable. *Country Best v. Christopher Ranch, LLC*, 361 F.3d 629 (11th Cir. 2004).

*i. Packman's attorney's fee, interest, and costs*

Each of Packman's invoices to Seasons Best states that "[f]inance charges will accrue on any past-due balance at the rate of 1.5% per month . . . from the date each invoice becomes past due." As "bargained for [in the parties'] contract," Packman is entitled to an award of pre-judgment interest at a rate of 1.5% per month starting from the day each payment was due, that is, ten days after each produce shipment was accepted. *Crescent Fruit*, 2015 WL 13566922, at *2 (citing 7 C.F.R. § 46.2(aa))*; Weyand & Son, Inc. v. Guzman*, No. 8:14-cv-312, 2014 WL 1452826, at *3 (M.D. Fla. Apr. 11, 2014) (Covington, J.).

Each of Packman's invoices states that the "buyer agrees to pay . . . all attorney's fees, together with costs and expenses, as additional sums owed in connection with this transaction." (Doc. 22-1 at 6–16) Packman requests $4,104.36 for Packman's proportional share (65.9282%) of the fee paid to counsel,[2] who jointly represent Packman and Seasons Best. The requested attorney's fee is supported by the declaration of Steven M. De Falco (Doc. 22-1) and is fair and reasonable. Also, under Rule 54(d), Federal Rules of Civil Procedure, Packman is entitled to $263.71, which is Packman's proportional share of the filing fee.

*ii. Barker's attorney's fee, interest, and costs*

Because the invoices that Barker sent to Stay Fresh contain no provision for an attorney's fee or for pre-judgment interest, Barker requests a discretionary award of pre-judgment interest at a rate of 5.97%. An award of pre-judgment interest "is consistent with Congress's intent to ensure prompt payment and to give [p]roduce sellers a meaningful opportunity to recover full payment of the amounts due for their sales under PACA." *Classic Harvest LLC v. Freshworks, LLC*, No. 1:15-cv-2988, 2017 WL 2350212, at *18 (N.D. Ga. May 31, 2017) (citing *Country Best*, 361 F.3d at 632); *Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1447 (11th Cir. 1998) ("In the absence of a controlling statute, federal courts' choice of a rate at which to determine the amount of pre-judgment interest to be awarded is also a matter for their discretion," which "choice is usually guided by principles of

---

[2] Packman's principal claim for $48,817.00 is 65.9282% of the combined principal amount claimed by Packman and Barker.

reasonableness and fairness, by state law, and by the . . . rate that federal courts . . . use in awarding []judgment interest.")  Barker's requested award of pre-judgment interest at a rate of 5.97% per year, the annual interest rate under Florida law when Barker moved for summary judgment, is reasonable.  Also, Barker is entitled to $136.29, which is Barker's proportional share of the filing fee.

**Liability of Canals**

As the person in control of the PACA assets, Canals breached his fiduciary duty to Packman and Barker.  *Red's Market v. Cape Canaveral Cruise Line, Inc.*, 181 F. Supp. 2d 1339, 1341–42 (M.D. Fla. 2002) (Antoon, J.) ("[I]t is appropriate to impose personal liability on shareholders, officers, and directors of corporate buyers who are in position to control PACA trust assets and fail to maintain the assets."); *West Coast*, 2018 WL 2021351, at *5.  As the "sole officer" of Seasons Best and Stay Fresh (Doc. 1 at ¶¶ 94–95), Canals had "full knowledge and responsibility for operations and financial dealings of Seasons Best and Stay Fresh" (Doc. 1 at ¶ 85).  Canals controlled the PACA trust assets and failed to maintain sufficient assets to pay Packman and Barker.  Canals breached his fiduciary duty to Packman and Barker and is jointly and severally liable for the unpaid produce.  *DiMare Homestead, Inc. v. Del Campo Fresh, Inc.*, No. 8:11-cv-1999, 2013 WL 2193901, at *2 (M.D. Fla. May 21, 2013) (Kovachevich, J.) (entering default judgment against corporate officers who controlled but failed to preserve PACA trust assets); *West Coast*, 2018 WL 2021351,

at *6 (same); *C Lane Co., LLC v. Groveco Florida, LLC*, No. 12-80147, 2012 WL 12886635, at *1 (S.D. Fla. July 26, 2012) (Dimitrouleas, J.) (same).

**Liability of County Line**

Packman and Barker allege upon information and belief that Seasons Best and Stay Fresh transferred to County Line unspecified assets subject to the PACA trust. (Doc. 1 at ¶ 117) Packman and Barker allege that County Line is liable "in an amount totaling all of the assets County Line received that were impressed with the PACA trust." (Doc. 1 at ¶ 118) Although liability can attach to a third party unlawfully retaining assets subject to a PACA trust, Packman and Barker fail in the complaint to allege — and fail in the motion for default judgment to show — the assets "impressed with the PACA trust" that County Line received. Packman and Barker's request for a default judgment holding County Line jointly and severally liable for the amounts owed by Seasons Best and Stay Fresh is denied without prejudice.

**CONCLUSION**

Packman and Barker's motion (Doc. 22) for default judgment is **GRANTED-IN-PART**.

The clerk is directed to enter judgment in favor of Packman1, Inc. and against Seasons Best Produce Corp. and Jason A. Canals — jointly and severally — in the principal amount of $48,817.00, along with taxable costs of $263.71, a contractual attorney's fee of $4,104.36, and contractual pre-judgment interest of $12,164.67 for a

total judgment of $65,349.74, which bears judgment interest in accord with 28 U.S.C. § 1961.

The clerk is directed to enter judgment in favor of Barker Produce, Inc. and against Stay Fresh Distributors, Inc. and Jason A. Canals — jointly and severally — in the principal amount of $24,028.70, along with taxable costs of $136.29 and pre-judgment interest of $3,333.82, for a total judgment of $27,498.81, which bears judgment interest in accord with 28 U.S.C. § 1961.

No later than **JANUARY 16, 2019**, Packman and Barker can renew the motion for default judgment against County Line.

ORDERED in Tampa, Florida, on January 3, 2019.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE