UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PACKMAN1, INC., a Florida corporation, and BARKER PRODUCE, INC., a New Mexico corporation,

    Plaintiff,

v.

Case No. 8:18-cv-816-SDM-AEP

SEASONS BEST PRODUCE CORP., a dissolved Florida corporation by and through Jason A. Canals, Sr., its last known officer; STAY FRESH DISTRIBUTORS, INC., a Florida corporation; JASON A. CANALS, an individual; COUNTY LINE BREW SPOT, INC., a Florida corporation

    Defendant.
_____/

## ORDER

This matter comes before the Court on Plaintiff and Judgement Creditor's Motion for Writ of Garnishment (Doc. 32). This matter arises from Plaintiff's efforts to collect on its Judgment, which the Court entered in favor of Defendant and against Defendant in the amount of $92,848.55 (Docs. 24 & 25). According to Plaintiff, the judgment remains unsatisfied. By the instant motion, Plaintiff and Judgement Creditors requests that the Court issue a writ of garnishment to Bank of America, N.A., to assist in satisfying the judgment entered in favor of Defendant.

Plaintiff does not address whether this Court has jurisdiction to issue the writ. A writ of garnishment will only be enforceable within the bounds of the federal district in which it was issued. *See JPI Partners, LLC v. Dixon*, No. 6:07-MC-77-ORL-22DAB, 2008 WL 2185744, at *2 (M.D. Fla. 2008) (considering a writ of execution); *Lapinski v. St. Croix Condo. Ass'n., Inc.*, No. 6:16-cv-1418-Orl-40GJK, 2019 WL 1491568, at *1 (M.D. Fla. Jan. 24, 2019) (denying Motion for Writ of Garnishment because the garnishee was located in the Southern District of Florida and thus, the court lacked jurisdiction to issue the writ). In issuing a writ of garnishment, the court must not only have personal jurisdiction over the garnishee, but it also must have jurisdiction over the property to be garnished. *Lapinski*, 2019 WL 1491568 at *1 (citing *Skulas v. Loiselle*, No. 09-60096-CIV, 2010 WL 1790439, at *2-3 (S.D. Fla. April 9, 2010)).

Here, Plaintiff and Judgement Creditors move this Court to issue a writ of garnishment directed towards Bank of America, N.A., the garnishee. In Plaintiff's proposed writ, Plaintiff lists Bank of America, N.A.'s registered agent's address as 1200 South Pine Island Road, Plantation, FL 32301. However, this address is not located in the Middle District of Florida but rather, is in the Southern District of Florida. Moreover, Plaintiff fails to assert that Defendant has an account in a bank branch within the Middle District of Florida. Thus, Plaintiff has not demonstrated that this Court has jurisdiction to issue the writ to a garnishee located outside this Court's jurisdictional boundaries.

Accordingly, it is hereby

ORDERED:

1.   Plaintiff and Judgement Creditor's Motion for Writ of Garnishment (Doc. 32) is DENIED WITHOUT PREJUDICE.

DONE AND ORDERED in Tampa, Florida, on this 16th day of February, 2022.

*[signature]*

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:   Counsel of Record